Charles H. Albers, Receiver of North Avenue State Bank of Chicago, Appellee, v. R. Allen Griffith, Appellant.

Gen. No. 40,145.

Opinion filed February 1, 1939.

WILLIAM FRIEDMAN, of Chicago, for appellant; SYLVIA J. ZELDEN, of Chicago, of counsel.

Norman C. Barry, of Chicago, for appellee; Sylvester J. Cotter, of Chicago, of counsel.

Mr. Presiding Justice Hall delivered the opinion of the court.

This is an appeal by defendant from a judgment for the sum of $7,225.83, entered against him in the municipal court of Chicago on January 14, 1938. The action is upon a promissory note given by defendant to the North Avenue State Bank for money borrowed from this bank. Certain collateral was deposited with the bank as security for the loan.

Errors relied on for reversal are that: 1. The statement of claim failed to state a cause of action, 2. No averments or proof of plaintiff's ownership of the note in evidence, or his capacity to sue, 3. No averment or proof of an assignment or any indorsement of the note, 4. No prayer for judgment or other relief, as provided for in Rule 78 of the Municipal Court.

The statement of claim is as follows:

"State of Illinois ⎫
City of Chicago ⎬ ss. In The Municipal Court of
First District ⎭ Chicago

Charles H. Albers, Receiver of
   North Avenue State Bank of
   Chicago
                Plaintiff,
      v.
R. Allen Griffith,
                Defendant

Contract No.
  2778340
Claim for
  $7500.00

"To the Clerk:

"Please issue a summons returnable at 9:30 A. M. sharp on the 23rd day of March, 1937.

"Statement of Claim

"Plaintiff alleges: That his claim is for Seventy-two Hundred Twenty-five and 83/100 ($7225.83) Dollars,

representing a balance of Fifty-six Hundred Fifty-four and 60/100 ($5654.60) Dollars, plus interest of Fifteen Hundred Seventy-one and 23/100 ($1571.23) Dollars, due on a certain note signed by the above defendant, copy of which is hereto attached. Although repeated requests have been made of the defendant to pay the aforesaid sum, he refused and continues to refuse, etc.

"Norman C. Barry
Attorney for Plaintiff
7 South Dearborn St. Franklin 9250
Business or Residence Address

"State of Illinois ⎫
County of Cook ⎬ ss.
City of Chicago ⎭

"Affidavit of Claim.

"William B. Greene, being duly sworn, on oath states that he is the agent of the Plaintiff in the above entitled cause, that he has knowledge of the facts; that the said clause is a suit upon contract for the payment of money; that the nature of plaintiff's demand is as stated, and that there is due to plaintiff from the defendant after allowing to defendant all just credits, deductions and set-offs the sum of Seventy-two Hundred Twenty-five Dollars and Eighty-three Cents ($7225.83).

"Subscribed and sworn to before me this 10th day of March, A. D. 1937.

"Hilliard Kirsch
Notary Public                    William B. Greene"

In the abstract it is stated that the record contains a copy of collateral demand note of defendant dated March 31, 1932, for $6,750, payable to the order of North Avenue State Bank of Chicago, and that the collateral consisted of 100 shares of Continental Casualty Co., 100 shares of Houdaille Hershey Corp., Class

A, and 12 shares of Eaton Axle & Spring Co., Common. Also, that indorsed on the note appear offsets and credits of dividends paid by sales of 12 shares of Eaton Axle & Spring Co. stock, and of 10 shares of Houdaille Hershey Corp. stock, Class A.

Defendant was called as a witness for plaintiff, and on direct examination testified to the effect that he signed the note in question; that he originally borrowed around $5,000, although he could not swear as to the exact amount; that he did not know what the exact figure of the balance on the note was at the time of the trial; that he knew that he was being sued for the balance due on the note, which is $5,654.60 and interest of $1,571.23, and that he "guessed" that was right; that he made payments on the note from time to time; that he thought he made those payments indorsed on the back, although he could not swear to it, and that he did know that the substance of this suit is for $5,654.60 plus interest. On cross-examination he testified to the further effect that he could not swear that he made the certain payments indorsed on the note, although he "presumed so"; that he would "presume" that he made the payments either in cash or by check, probably by check; that he did not make payment of the item credited on the sale of 12 shares of Eaton Axle & Spring Company, and that he "supposed" that was from the proceeds of sale of those shares; that he did not make payment of $588.50 credited on the back of the note but that this item was credited on a sale of the collateral; that the $30 item so credited is either interest he paid or dividends collected on the stock, and that he did not remember which.

The record shows that the cause was submitted to a jury, and that the court directed the jury to return a verdict in favor of plaintiff for $7,225.83, upon which verdict the judgment was entered.

As we read the points made in defendant's brief, we conclude that defendant admits liability on this note, but insists that inasmuch as the note was made payable to the bank and the suit is brought by the receiver of the bank, that there is no sufficient proof made of plaintiff, receiver's, ownership of the note, that there was no assignment of the note by indorsement or otherwise to the plaintiff, that the complaint filed contains no prayer for a judgment, and that there was no proof made of plaintiff's capacity to sue. He also contends, as a ground for reversal, that there was no evidence offered as to what, if anything, was done with the proceeds of any sale of the collateral given as security for the note, if the same had been sold. While there is no direct evidence as to what was done with any of this collateral, or the value thereof, defendant admits that he was given credit for the amount realized from the sale of certain shares of stock in the Eaton Axle & Spring Company, which shares were a part of the collateral given as security for the note at the time of its execution. He also admits other credits given. Attached to plaintiff's claim was the affidavit of the agent of the plaintiff, in which it is stated that the total amount of the claim, after deducting all credits, deductions and set-offs, amounted to $7,225.83. If defendant was of the opinion that he had not received the credits due him, he could very readily have established that fact, and in our opinion, the objection of defendant, in this regard, is without merit.

It is not claimed that the plaintiff was not the duly and legally appointed receiver of the bank under the authority provided by law. Section 11, ch. 16½, par. 11, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 10.11], provides that if a receiver is appointed for a bank in accordance with the law, "such receiver, under the direction of the Auditor, shall take possession of, and for the purpose of the receivership, the title to,

the books, records and assets of every description of such bank, and shall proceed to collect all debts, dues and claims belonging to it, and, upon the order of a court of record of the county in which said bank is located, may sell or compound all bad or doubtful debts, and on a like order may sell the real and personal property of such bank, on such terms as the court shall direct. . . . Such receiver shall have authority to sue and defend in his own name with respect to the affairs, assets, claims debts and choses in action of such bank.''

We are of the opinion that all points raised by defendant were matters of defense, and that if he did not choose to urge them, he cannot now complain.

The judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

HEBEL and DENIS E. SULLIVAN, JJ., concur.